# In the United States Court of Federal Claims

No. 19-683C
(Filed May 31, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
RYAN P. SLAUGHTER,                 *
                                   *
              Plaintiff,           *
                                   *
       v.                          *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * * *
```

## ORDER

On May 16, 2019, SC Jones Services, Inc., the awardee, filed a motion to intervene in this bid protest pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims (RCFC). ECF No. 8. On July 17, 2019, the undersigned allowed for an opposition paper to be filed by plaintiff, who is proceeding in this matter *pro se*. ECF No 12. Plaintiff opposes the awardee's intervention on the ground that plaintiff views his dispute as being only with the government. *Id.* at 1–2.[†]

Under RCFC 24(a), the awardee has a clear right to intervene in a bid protest in which that award is being challenged, when intervention has been moved for in a timely fashion. *See* RCFC 24(a) (stating that the court must permit any timely intervention where the movant has an interest that may be impaired by the action and would not be adequately represented otherwise). An intervenor under RCFC 24(a) must "demonstrate (1) an interest in the subject matter of the litigation; (2) an impairment of that interest if intervention is denied; and (3) inadequate

---

[†] He also contends that SC Jones's counsel will have access to his proprietary information. But plaintiff could request a protective order to restrict dissemination of proprietary information, and file any papers referencing such information under seal. *See* RCFC App. C ¶¶ 16-20; RCFC App. of Forms, Form 8.

representation of its interest by the parties in the action." *Am. Renovation & Const. Co. v. United States*, 65 Fed. Cl. 254, 259 (2005).

An awardee can readily meet these prongs because of its economic interest in maintaining the award that is the subject matter of the litigation---the impairment of which is evident by the loss of the contract---and because the government's interest in a contract is not equivalent to a contractor's economic interest in maintaining its position as awardee. Since plaintiff does not contend that SC Jones Services has failed to meet the above prongs and the motion has been timely filed, the motion to intervene is hereby **GRANTED** pursuant to RCFC 24(a).

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge